**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| DANIEL CARL PRYOR, | ) | NO. CV 15-9528-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

Plaintiff filed a complaint on December 10, 2015, seeking review of the Commissioner's denial of benefits. The parties consented to proceed before a United States Magistrate Judge on January 12, 2016. Plaintiff filed a motion for summary judgment on May 19, 2016. Defendant filed a motion for summary judgment on June 20, 2016. The Court has taken the motions under submission without oral argument. See L.R. 7-15; "Order," filed December 14, 2015.

///

///

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

From 1978 through at least the end of 2009, Plaintiff performed work as a bricklayer, which required heavy exertion throughout the work day (Administrative Record ("A.R.") 32-34, 46, 67, 181-88, 216). According to Plaintiff, on the first day of 2010, he became physically disabled from performing any work whatsoever (A.R. 31, 167, 174). The claimed disappearance of Plaintiff's ability to perform any work allegedly resulted not from any sudden illness or trauma, but from a "gradually" worsening back problem (A.R. 34-36, 82). This "gradually" worsening problem reportedly began when Plaintiff was 15 years of age (A.R. 35, 82). Plaintiff also claimed to be disabled as a result of chronic obstructive pulmonary disease ("COPD") and alleged problems with his right wrist and left knee (A.R. 81).

An Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff and a vocational expert (A.R. 10-257, 259-380). The ALJ found Plaintiff has severe disc disease of the lumbar spine and COPD, but retains the residual functional capacity to perform a limited range of medium work (A.R. 15-20). In reliance on the testimony of the vocational expert, the ALJ determined that a person having this residual functional capacity could not work as a bricklayer, but could perform several identified jobs existing in significant numbers in the national economy (A.R. 20-22, 47-49).

In finding Plaintiff not disabled, the ALJ deemed Plaintiff's statements concerning the alleged severity of his subjective symptomatology "not entirely credible" (A.R. 18). The ALJ also

rejected the opinions of Dr. Matthew Root and Dr. Seong Kang, who are alleged to have been two of Plaintiff's treating physicians (A.R. 19-20).

The Appeals Council considered additional evidence, but denied review (A.R. 1-5, 258, 381-82).

**SUMMARY OF PLAINTIFF'S CONTENTIONS**

Plaintiff contends:

1. The administrative decision is not supported by substantial evidence;

2. The ALJ failed to state sufficient reasons for rejecting the opinions of Dr. Root;

3. The ALJ failed to state sufficient reasons for rejecting the opinions of Dr. Kang; and

4. The ALJ should have developed the record more fully.

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v.

1  Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,
2  499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner,
3  682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such
4  relevant evidence as a reasonable mind might accept as adequate to
5  support a conclusion." Richardson v. Perales, 402 U.S. 389, 401
6  (1971) (citation and quotations omitted); see also Widmark v.
7  Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may
> not substitute its judgment for that of the ALJ. But the
> Commissioner's decision cannot be affirmed simply by
> isolating a specific quantum of supporting evidence.
> Rather, a court must consider the record as a whole,
> weighing both evidence that supports and evidence that
> detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

Where, as here, the Appeals Council considered additional evidence but denied review, the additional evidence becomes part of the record for purposes of the Court's analysis. See Brewes v. Commissioner, 682 F.3d at 1163 ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence"; expressly adopting Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993)); Taylor v. Commissioner, 659 F.3d

4

1228, 1231 (2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error"); Penny v. Sullivan, 2 F.3d 953, 957 n.7 (9th Cir. 1993) ("the Appeals Council considered this information and it became part of the record we are required to review as a whole"); see generally 20 C.F.R. §§ 404.970(b), 416.1470(b).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied.  The Administration's findings are supported by substantial evidence and are free from material[1] legal error.  Plaintiff's contrary arguments are unavailing.

**I.  Substantial Evidence Supports the Conclusion that Plaintiff Can Work.**

Substantial evidence supports the conclusion Plaintiff is not disabled.  Medical testing regarding Plaintiff's alleged orthopedic and respiratory problems mostly yielded findings of mild or moderate impairment.  A February 27, 2012 lumbosacral spine study showed "moderate degenerative spondylosis off the endplates," but was otherwise "unremarkable" (A.R. 299, 323).  A limited July 18, 2012 MRI

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability.  See Garcia v. Commissioner, 768 F.3d 925, 932-33 (9th Cir. 2014); McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011).

of the lumbar spine showed, inter alia, suspected stenosis "due to a combination of dorsal spondylosis and an associated bulging disc" (A.R. 320-22, 376-78). A 2013 EMG reportedly revealed chronic radiculopathy (A.R. 371). A November 8, 2013 radiology report regarding Plaintiff's left knee showed no fracture or dislocation, minimal degenerative change and mild osteoarthritis (A.R. 331). A March 13, 2012 pulmonary function test showed reduced lung capacity but no overt obstructive lung disease (A.R. 300-324). A November, 2013 examination found "no wheeze/rhonchi/rales" (A.R. 368).

From January of 2010 through at least March of 2013, Plaintiff made periodic visits to Conejo Valley Clinic (A.R. 259-69, 271-83, 285-87, 314-17, 374-75). The records from these visits reflect ratings of the alleged severity of Plaintiff's pain on a scale of zero to ten. Most of these ratings fall in the middle of the range, although a few are at zero and a few are at ten (id.).

Dr. Soheila Benrazavi, an internist, examined Plaintiff and rendered a consultative report on July 10, 2012 (A.R. 308-11). Dr. Benrazavi's examination revealed mostly normal results (id.). Plaintiff's gait, strength and range of motion were all normal (A.R. 308-10). Atrophy was absent (A.R. 309). Dr. Benrazavi opined that Plaintiff retains a residual functional capacity even greater than the capacity the ALJ found to exist (A.R. 311). Dr. Benrazavi's examination and opinions provide substantial evidence to support the Administration's decision. See Orn v. Astrue, 495 F.3d 625, 631-32 (9th Cir. 2007) (where an examining physician provides "independent clinical findings that differ from findings of the treating physician,

such findings are 'substantial evidence'") (citations and internal quotations omitted).

State agency physicians reviewed the records and opined that Plaintiff can perform medium work (A.R. 59-78, 87-90, 97-100). These opinions also support the Administration's decision. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (where the opinions of non-examining physicians do not contradict "all other evidence in the record" an ALJ properly may rely on these opinions); Curry v. Sullivan, 925 F.2d 1127, 1130 n.2 (9th Cir. 1991).

The vocational expert testified that a person with the residual functional capacity the ALJ found to exist could perform certain jobs existing in significant numbers in the national economy (A.R. 47-49). The ALJ properly relied on this testimony in denying disability benefits. See Barker v. Secretary of Health and Human Services, 882 F.2d 1474, 1478-80 (9th Cir. 1989); Martinez v. Heckler, 807 F.2d 771, 774-75 (9th Cir. 1986).

To the extent any of the medical evidence is in conflict, it is the prerogative of the ALJ to resolve such conflicts. See Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001). When evidence "is susceptible to more than one rational interpretation," the Court must uphold the administrative decision. See Andrews v. Shalala, 53 F.3d at 1039-40; accord Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997). The Court will uphold the ALJ's rational interpretation of the evidence in the present case notwithstanding any conflicts in the record.

1  **II.   <u>Plaintiff's Other Arguments are Unavailing.</u>**

3       Plaintiff argues that the ALJ erred in rejecting the opinions of Drs. Root and Kang and in failing to develop the record more fully. No material error occurred.

7       Both Dr. Root and Dr. Kang signed "check-the-box" forms claiming Plaintiff could not even perform light or sedentary work (A.R. 325-28, 379-80). Dr. Root opined Plaintiff could not lift ten pounds or stand or sit for two hours in an 8-hour day (A.R. 379). Where the form asked, "What medical findings support the limitations described above?," Dr. Root left the answering space entirely blank (A.R. 379). Dr. Root claimed that the "symptoms and limitations" described on the form began in 2007 and 2008, even though Plaintiff did not see Dr. Root until many years later and even though, as previously indicated, Plaintiff performed heavy work through the end of 2009 (A.R. 32-34, 36-37, 46, 67, 181-88, 380). Dr. Kang diagnosed "lumbago, knee pain/arthritis" and opined Plaintiff could neither sit, stand nor walk for more than one hour in an 8-hour day (A.R. 325). Dr. Kang opined Plaintiff could not carry more than five pounds (A.R. 326).

///
///
///
///
///
///
///
///

While the opinion of a treating physician[2] is entitled to special weight, "[t]he ALJ may disregard it whether or not that opinion is contradicted." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). Where, as here, the treating physicians' opinions are contradicted, the ALJ need only set forth "specific, legitimate reasons" for rejecting the opinions. Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).[3]

In rejecting the opinions of Dr. Root, the ALJ stated:

> The undersigned has given low weight to the opinion of Dr. Root because Dr. Root did not provide any significant rationale for the limitations he asserted. Moreover, the assessed limitations are not consistent with the objective medical findings which have generally been mild to moderate.

---

[2] The Court assumes arguendo that both Dr. Root and Dr. Kang qualify as "treating physicians," even though Dr. Root reportedly saw Plaintiff only twice over an apparently brief period of time (A.R. 36-37). See Lee v. Astrue, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (test for qualifying as a "treating physician" is vague and fact-specific; test depends on the duration of the relationship and the frequency and nature of the contact).

[3] Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. See Lester v. Chater, 81 F.3d at 830-31. Plaintiff's Motion invokes the "clear and convincing" standard notwithstanding the contradiction of the treating physicians' opinions by other medical opinion of record. The determination of which standard to apply is ultimately academic in the present case, however. As demonstrated infra, the ALJ stated "clear and convincing" reasons, as well as "specific, legitimate" reasons, for rejecting the opinions of Drs. Root and Kang.

>In addition, the claimant had not been seen by Dr. Root, or any other doctor, since November of 2013, yet the opinion was assessed in April of 2014 and without any corresponding physical examination or diagnostic testing. . . .

(A.R. 20).

The stated reasons suffice under the applicable case law. An ALJ properly may discount a treating physician's opinions that are in conflict with treatment records or are unsupported by objective clinical findings. See Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (conflict between treating physician's assessment and clinical notes justifies rejection of assessment); Batson v. Commissioner, 359 F.3d 1190, 1195 (9th Cir. 2004) ("an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole . . . or by objective medical findings"); Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (treating physician's opinion properly rejected where physician's records "provide no basis for the functional restrictions he opined should be imposed on [the claimant]"); see also Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ properly may reject treating physician's opinions that "were so extreme as to be implausible and were not supported by any findings made by any doctor . . ."). The Administrative Record contains no treatment records from Dr. Root and, as previously indicated, Dr. Root's "check-the-box" form fails to suggest any supporting findings. The ALJ did not err by rejecting Dr. Root's extreme, unsupported opinions. See id.; see also Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ permissibly could

reject evaluations "because they were check-off reports that did not contain any explanation of the bases of their conclusions").[4]

With regard to the opinions of Dr. Kang, the ALJ stated:

> The undersigned has given minimal weight to the opinion of Dr. Kang because this opinion is not supported by medically acceptable diagnostic findings and is not bolstered by other medical evidence of record. Positive findings and the progress notes from Dr. Kang do not support restrictions as limiting as he assessed. The course of treatment pursued by the doctor also has not been consistent with what one would expect if the claimant were truly as limited as the doctor has reported. The opinion appears to rely heavily on the subjective report of symptoms and limitations provided by the claimant, and the totality of the evidence does not support the opinion.

(A.R. 20).

These stated reasons also suffice under the applicable case law. Again, the ALJ properly may discount a treating physician's opinions

---

[4] Plaintiff complains that the ALJ did not mention Dr. Root's alleged speciality. Dr. Root's "check-the-box" form does not mention any specialty either (A.R. 379-80). Plaintiff appeared to testify that Dr. Root is a "spinal doctor" (A.R. 37). The ALJ stated he considered "all the evidence" and also specifically stated he considered the opinion evidence "in accordance with the requirements of 20 C.F.R. 404.1527 and 416.927 and SSRs 96-2p, 96-5p and 96-6p and 06-3p" (A.R. 13, 17). No material error occurred.

11

that are in conflict with treatment records or are unsupported by objective clinical findings. Dr. Kang's treatment records reflect little more than intermittent visits by Plaintiff for medication (A.R. 329-30, 332-34, 337-38, 342-43, 365-73). The treatment records reflect a normal gait and contain no mention of any outward manifestation of impairment consistent with the profound functional restrictions claimed in Dr. Kang's opinions (id.). Cf. Connett v. Barnhart, 340 F.3d at 875 ("Nowhere do the [physician's] notes indicate reasons why Connett would be limited to standing for only ten minutes or lifting only ten pounds, nor do they indicate that [the physician] ever recommended such limitations to Connett."). The records sometimes list Plaintiff's "Chief Complaint" as "X ray results and disability form for Social Security" (A.R. 329, 365). Dr. Kang's "check-the-box" form cites only claimed symptoms of pain in the back and knee as the alleged bases for Dr. Kang's opinions regarding assertedly extreme functional limitation (A.R. 325). The ALJ reasonably concluded from this form, and from Dr. Kang's largely unremarkable treatment notes, that Dr. Kang relied heavily on Plaintiff's subjective report of symptoms. An ALJ properly may discount a treating physician's opinions that are predicated on the properly discounted statements of the claimant. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); accord Mattox v. Commissioner, 371 Fed. App'x 740, 742 (9th Cir. 2010); Fair v. Bowen,

///
///
///
///
///

885 F.2d 597, 605 (9th Cir. 1989).[5]  In the present case, the ALJ properly discounted Plaintiff's statements regarding his subjective symptomatology (A.R. 17-18).[6]

Finally, Plaintiff argues that the ALJ should not have denied Plaintiff's disability claim without first having "re-contacted [Plaintiff's] treating sources, requested another consultative examination, sent the entire file back to the State Agency for review, or obtained testimony from a medical expert. See SSR 12-2p. . . ." (Plaintiff's Motion at 14). The SSR cited by Plaintiff relates exclusively to the evaluation of fibromyalgia, a condition nowhere suggested in this record. It is true that the ALJ "has a special duty to fully and fairly develop the record and to assure the claimant's interests are considered." Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). "Full" development of an administrative record always involves a matter of degree, however. One conceivably may argue in virtually every case that additional investigation or inquiry might have been useful. Under the circumstances of the present case,

---

[5] In Ghanim v. Colvin, 763 F.3d 1154, 1162-63 (9th Cir. 2014), the Ninth Circuit appeared to hold that "when a [treating physician's] opinion is not more heavily based on a patient's self-reports than on clinical observations," an ALJ may not discount the treating physician's opinion based on the patient's lack of credibility. See also Ryan v. Commissioner, 528 F.3d 1194, 1200 (9th Cir. 2008) (containing similar language). This apparent holding has no application to the present case. As discussed above, Dr. Kang's opinions were unsupported by, and indeed appear to be somewhat in conflict with, Dr. Kang's "clinical observations."

[6] Plaintiff's motion does not challenge the validity of this credibility determination. Any such challenge would be futile on this record.

however, this Court is unable to conclude that the ALJ failed in any material respect to discharge his obligation fully and fairly to develop the record.

**CONCLUSION**

For all of the foregoing reasons,[7] Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 27, 2016.

/S/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[7] The Court has considered and rejected each of Plaintiff's arguments. The Court has discussed Plaintiff's principal arguments herein.